# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

NELLIE FLORES,

    Plaintiff,

v.                                                                                                     No. 5:18-cv-00709-JKP

WAL-MART STORES TEXAS, LLC,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Wal-Mart Stores Texas, LLC's Motion for Summary Judgment (ECF No. 14) to which Plaintiff responded (ECF No. 15). After careful consideration of the arguments and evidence of the parties, the Court denies Defendant's Motion.

## I. BACKGROUND

Plaintiff Nellie Flores ("Flores") brings this action for injuries she sustained when she tripped and fell while entering a San Antonio Wal-Mart. Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart") moves for summary judgment contending Flores has failed to establish it had notice of the condition of the mat on which Flores tripped.

The facts taken in the light most favorable to Flores are as follows. On January 19, 2018, Nellie Flores tripped on a floor mat as she walked into Wal-Mart with her grandchildren. ECF No. 15-12 at 50:5-15. It was raining that day, and at the store's entrance Wal-Mart placed mats for people to wipe their shoes and yellow cones to warn people that the floors might be slippery. ECF No. 15 at 3. At least five times in the hour preceding Flores's fall, employees stood near or directly on top of the mat on which Flores tripped. *Id.* at 4. Additionally, a Wal-Mart employee

straightened a mat inside of the store but left the adjacent vestibule mats untouched. *Id*. at 12. As she approached the entrance, Flores walked carefully and looked at the ground to avoid slipping. ECF No. 15-12 at 40:10-12; 51:16-25; 52:1-2. Flores noticed the yellow signs, which drew her attention to the area. *Id.* at 48:1-25; 61:21-23; 63:2-16. This gave Flores the impression that once she reached the mats she was no longer at risk of slipping; the mats signified that she had reached the safe zone. *Id.* at 40:13-15; 47:8-11; 61:21-23; 63:2-16. As Flores stepped onto the mat with her right foot, she lifted her head to tell her grandkids to wipe their feet; continuing forward, her left foot caught on the rumpled mat and she tripped, stumbling several feet before crashing into a pile of wood stacked on a pallet. *Id.* at 49:3-14; 50:5-15. 56:25; 57:1; 71:21-72:5.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*. at 249. A dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Id*. 477 U.S. at 248. While all evidence and reasonable inferences are viewed in the light most favorable to the nonmovant, and all disputed facts are resolved in favor of the nonmovant, the judge's function "is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249); *see also Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (the district court does not make credibility determinations or weigh evidence).

## III. DISCUSSION

In her State Court Petition, Flores asserts both negligence and premises liability causes of action against Wal-Mart. ECF No. 1-3 at 6-7. In her response to Wal-Mart's Motion for Summary Judgment, Flores clarifies she is proceeding solely on a premises liability claim. ECF No. 15 at 2.

Under Texas law, a premises liability claim arises from a property owner's duty "to make the premises safe or warn of dangerous conditions as reasonably prudent under the circumstances." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (discussing the difference between a negligence claim and a premises liability claim and citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983); *Smith v. Henger*, 148 Tex. 456, 226 S.W.2d 425, 431 (Tex. 1950)). An invitee is "one who enters on another's land with the owner's knowledge and for the mutual benefit of both." *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). A customer is an invitee. As such, a store owes its customer a duty to exercise reasonable care to protect her from known or discoverable dangerous conditions in the store. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). This duty does not make a store owner a general insurer of its customers' safety on the premises. *Id.*

The Texas Supreme Court has "consistently treated slip/trip-and-fall cases as presenting claims for premises defects."[1] *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 386, 391 (Tex. 2016). To prevail on a premises liability claim, a plaintiff must prove (1) actual or

---

[1] A premises liability claim asserts a premises defect: "The definition of premises defect has been developed at common law through case law distinguishing between two subspecies of negligence: causes of action for premises liability and negligent activity. We have recognized that negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Sampson*, 500 S.W.3d at 388 (internal citations and quotations omitted).

constructive knowledge of some condition on the premises by the owner; (2) the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the plaintiff's injuries, *Gonzalez*, 968 S.W.2d at 936 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Corbin*, 648 S.W.2d at 296).

Wal-Mart contends "[w]hether the complained of condition is a wet mat, or a bunched-up mat, Plaintiff cannot recover under a theory of premises liability." ECF No. 14 at 6. Flores responds that she did not slip and fall on a wet mat, "she tripped on an unlevel and rumpled mat." ECF No. 15 at 2. With the facts confined to a rumpled or bunched-up mat, the only element Wal-Mart challenges in the subject Motion for Summary Judgment is actual or constructive notice of the condition of the mat. Wal-Mart argues that Flores has no knowledge or evidence that the mat was "bunched-up" prior to her fall, nor does she have knowledge or evidence "proving Defendant, through its' employees, had actual or constructive notice of the alleged bunched-up mat." ECF No. 14 ¶ 21. Accordingly, the other elements of a premises liability claim are not at issue here.

To establish that the owner had actual or constructive notice about the dangerous condition in a trip and fall case, a plaintiff must establish "(1) the defendant [created the condition] on the floor, (2) the defendant actually knew [about the condition] on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Because as a matter of law, "the mere proximity of an employee to a [hazard], without evidence of when or how it came to be on the floor, [is] legally insufficient to charge a premises

4

owner with constructive notice of the hazard," the question of constructive notice "requires analyzing the combination of proximity, conspicuity, and longevity:"

> If the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition.

*Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567-68 (Tex. 2006) (quoting *Reece*, 81 S.W.3d at 816).

Flores contends the security camera footage, which she offers in evidence, shows employees standing near or directly on top of the mat in question on five separate occasions during the hour immediately preceding her fall—demonstrating proximity and longevity. ECF Nos. 14-3 at 14 (Flores Dep. 52:17-19); 15 at 3-4 ¶ E. Flores also contends that the rumpled, unlevel condition of the mat is conspicuous enough to be captured on the security camera footage—demonstrating conspicuity. 15 at 3-4 ¶ E; 12. Accordingly, at this stage, taking all facts and reasonable inferences in her favor, the Court concludes Flores has created a triable issue as to whether the rumpled mat existed long enough to give Wal-Mart a reasonable opportunity to discover its condition and, therefore, had constructive notice. *Dunn v. Wal-Mart Stores, Inc.*, Civil Action No. 3:17-CV-1187-K, 2018 WL 4772408 at *5 (N.D. Tex. Oct. 3, 2018) (quoting *Gonzalez*, 968 S.W.2d at 935).

## IV. CONCLUSION

Upon the foregoing, the Court finds that Plaintiff Flores has produced sufficient evidence to create a genuine dispute of material fact as to the essential element of her claim challenged by Defendant Wal-Mart's Motion for Summary Judgment. Accordingly, the Court DENIES

Defendant's Motion for Summary Judgment (ECF No. 14).

It is so ORDERED.

SIGNED this 16th day of January 2020.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE